UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN CHOYCE,

        Plaintiff,

    v.

N. RADASA,

        Defendant.

No.  2:20-cv-0608 KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3   Screening Standards

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1   quotations marks omitted).  In reviewing the plausibility of a complaint, courts "accept factual

2   allegations in the complaint as true and construe the pleadings in the light most favorable to the

3   nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.

4   2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory,

5   unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Secs. Litig., 536

6   F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988

7   (9th Cir. 2001)).  The court also need not accept as true allegations that contradict matter properly

8   subject to judicial notice or allegations contradicting the exhibits attached to the complaint.

9   Sprewell, 266 F.3d at 988.

10  Plaintiff's Allegations

11          In his complaint, plaintiff states that he suffers chronic chest pains, and various other

12  unidentified health issues, and has been prescribed medications "PRN," which he can take on an

13  as-needed basis.  (ECF No. 1 at 4.)  On September 4, 2019, plaintiff went to the clinic to pick up

14  his medication, and when he got to the window, defendant Radasa, an LVN, told plaintiff to get

15  out of her medline.  (Id.)  Plaintiff subsequently began having chest pain and thought he was

16  going to die.  But after regaining his faculties, he returned to his housing unit without medical

17  attention from defendant Radasa.  Plaintiff then recounts his efforts to file a grievance about the

18  incident, and provides copies of such grievances.  (ECF No. 1 at 4-5.)  Plaintiff contends

19  defendant Radasa was deliberately indifferent to the "death threat" posed by his chest pain by

20  ignoring his chest pains, interfering with plaintiff's medications, and preventing him from

21  accessing medical services.  (ECF No. 1 at 7.)

22  Eighth Amendment Standards

23          Where a prisoner's Eighth Amendment claims arise in the context of medical care, the

24  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

25  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth

26  Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and

27  the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

28  ////

3

1  (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

2  Cir. 1997) (en banc).

3        A serious medical need exists if the failure to treat the condition could result in further

4  significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439 F.3d 1091,

5  1096 (9th Cir. 2006).  To act with deliberate indifference, a prison official must both be aware of

6  facts from which the inference could be drawn that a substantial risk of serious harm exists, and

7  he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a

8  defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

9  disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "It is enough

10  that the official acted or failed to act despite his knowledge of a substantial risk of harm."  Id. at

11  842.

12        Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

13  at 104-05.  To establish a claim of deliberate indifference arising from a delay in providing care, a

14  plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th

15  Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.

16  1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this

17  regard, "[a] prisoner need not show his harm was substantial; however, such would provide

18  additional support for the inmate's claim that the defendant was deliberately indifferent to his

19  needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at

20  1060.  In addition, a physician need not fail to treat an inmate altogether in order to violate that

21  inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

22  1989) (per curiam).  A failure to competently treat a serious medical condition, even if some

23  treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.

24        However, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

25  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

26  Estelle, 429 U.S. at 105-06).  A difference of medical opinion does not demonstrate deliberate

27  indifference to a prisoner's serious medical needs.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th

28  Cir. 1989).

4

Discussion

      For purposes of screening, the undersigned considers plaintiff's chronic chest pain as a serious medical condition.  On this record, however, plaintiff fails to allege facts demonstrating defendant's deliberate indifference.  Plaintiff's allegations set forth in his own handwritten grievance concerning the September 4, 2019 incident contradict those set forth in his complaint. In his grievance, plaintiff wrote that when he reached defendant Radasa's window and told her he was having chest pain, Radasa informed plaintiff he would have to wait until her medline was over.  (ECF No. 1 at 25.)  Plaintiff then asked defendant Radasa for plaintiff's evening medications, and Radasa gave them to plaintiff.  (Id.)

      Thus, plaintiff's own grievance acknowledges that plaintiff was provided his evening medications, which plaintiff alleges in his complaint are prescribed for his chronic chest pain. Plaintiff does not indicate how long the medline was, or, if his chest pains were worse than usual, why he chose not to wait until the medline was over when defendant could provide medical attention.

      In addition, plaintiff identifies no injuries he sustained from any delay in receiving his medications.  Indeed, he concedes he suffers from chronic chest pain, and was able to calm himself before returning to his housing unit without further medical attention.

      But even assuming plaintiff's chest pains were unusually acute, defendant's failure to provide plaintiff with immediate medical attention on one occasion, without more, fails to rise to the level of deliberate indifference.

      Because plaintiff's allegations fail to state a cognizable civil rights claim under the Eighth Amendment, his complaint must be dismissed.

Leave to Amend

      It is unclear whether plaintiff can amend to state a cognizable claim against defendant Radasa.  However, in his grievance he also mentioned that defendant Radasa had interfered with his medications in the past.  Therefore, in an abundance of caution, the court grants plaintiff leave to file an amended complaint.

////

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2    about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

3    West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

4    each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

5    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6    defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

7    F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

8    participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

9    268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This requirement exists

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

14    v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

15    supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

16    omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

17    function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

18    and the involvement of each defendant must be sufficiently alleged.

19    A district court must construe a pro se pleading "liberally" to determine if it states a claim

20    and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

21    opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

22    not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

23    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

24    Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as

25    true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting

26    Bell Atlantic Corp., 550 U.S. at 570).

27
         A claim has facial plausibility when the plaintiff pleads factual
         content that allows the court to draw the reasonable inference that the
28       defendant is liable for the misconduct alleged. The plausibility

6

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Moreover, failure to comply with court orders may result in a recommendation that the case be dismissed as a sanction.  Fed. R. Civ. P. 41(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

////

7

1         Failure to file an amended complaint in accordance with this order may result in the

2    dismissal of this action.

3    Dated:  April 16, 2020

4

5    /choy0608.14n

6                                       KENDALL J. NEWMAN

                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALVIN CHOYCE,                           No. 2:20-cv-0608 KJN P

12              Plaintiff,

13        v.                                  NOTICE OF AMENDMENT

14   N. RADASA,

15              Defendant.

16

17        Plaintiff hereby submits the following document in compliance with the court's

18   order

19   filed_____.

20                _____      Amended Complaint
     DATED:

21

22                                      _____
                                        Plaintiff
23

24

25

26

27

28
                                      9