UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN CHOYCE,<br><br>  Plaintiff,<br><br>  v.<br><br>N. RADASA,<br><br>  Defendant. | No. 2:20-cv-0608 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff's motion to compel is before the court. As discussed below, plaintiff's motion is denied.

<u>Plaintiff's Amended Complaint</u>

Plaintiff alleges that defendant Radasa has on several occasions intentionally denied plaintiff his PRN medication for his chronic chest pains and high blood pressure, causing plaintiff's condition to worsen, subjecting him to a possible stroke or heart attack, in violation of the Eighth Amendment. (ECF No. 9.)

<u>Background</u>

On August 12, 2020, the undersigned issued a discovery and scheduling order which provided that discovery would close on December 11, 2020. (ECF No. 20.) On November 19, 2020, due to delays in receiving medical records and restrictions precluding depositions of inmates because of the COVID-19 pandemic, defendant moved to modify the scheduling order.

1  On December 16, 2020, defendant's motion was granted, and the discovery deadline was
2  extended until March 11, 2021, and the pretrial motions deadline was extended to May 27, 2021.
3  (ECF No. 22.)  The court confirmed that in all other respects, the August 12, 2020 discovery and
4  scheduling order remained in effect.  (ECF No. 27.)  This included, in pertinent part, the orders
5  requiring that all requests for discovery shall be served not later than sixty days prior to, and any
6  motions to compel discovery must be filed by, the discovery deadline.  (ECF No. 20 at 5.)
7  Responses to written discovery requests were due forty-five days after the request was served.
8  (Id.)

Motion to Compel

On May 13, 2021, plaintiff filed a motion to compel defendants to respond to plaintiff's interrogatories and request for admissions, stating he "filed them in good faith that a response to them will be forthcoming." (ECF No. 28 at 1.)  Plaintiff concedes that defendant refused to respond to the interrogatories because they were not signed, and both discovery requests were untimely, but states he thought he signed the interrogatories.  However, if he had not signed the interrogatories, plaintiff complains he was not given a second chance to sign them.  Also, plaintiff contends that defendant could have sent the interrogatories back if they were unsigned or untimely.  Plaintiff contends that he could not send her another copy of the interrogatories bearing his signature because he had no additional copy.  Moreover, plaintiff has been sick, having tested positive for COVID-19, "around the discovery deadline as of March 11, 2021," and could not respond to written discovery under the court's order because of the pandemic at Mule Creek.  (ECF No. 28 at 2.)  Plaintiff claims he has been on an around the clock quarantine and could not send the interrogatories and request for admissions in a timely manner.

As argued by defendant, interrogatories must be signed by the pro se litigant.  Fed. R. Civ. P. 26(g)(1).  Because the interrogatories were not signed, defendant was not required to respond to them, or to return the interrogatories to plaintiff for signature.  On March 8, 2021, defendant's counsel sent plaintiff a letter advising that defendant would not respond to the untimely discovery requests and informed plaintiff he failed to sign the interrogatories, yet plaintiff did not respond to defendant.  (ECF No. 29 at 3.)  Plaintiff also did not file a request with the court to extend the

discovery deadline.  Rather, plaintiff waited over two months and then filed a motion to compel discovery responses, on the eve of the subsequent pretrial motions deadline, despite knowing his discovery requests were untimely propounded.  Plaintiff also failed to append copies of the discovery requests, as required by the court's local rules.

Under the court's discovery and scheduling order, plaintiff's discovery requests were to be served sixty days prior to the March 11, 2021 discovery deadline.  Thus, any discovery request was to be propounded on or before January 10, 2021.  Because the discovery deadline was previously extended, plaintiff has had five months to propound his discovery requests.  The fact that plaintiff tested positive for COVID-19 around March 11, 2021, does not explain why he was unable to timely propound his discovery requests between August 12, 2020, and January 10, 2021.

Because plaintiff's discovery requests were untimely propounded, defendant was not required to respond, and plaintiff's motion to compel is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 28) is denied.

Dated:  June 10, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/choy0608.mtc