UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN CHOYCE,<br><br>        Plaintiff,<br><br>    v.<br><br>N. RADASA,<br><br>        Defendant. | No. 2:20-cv-0608 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se. On March 25, 2022, plaintiff filed a motion to dismiss this action with leave to re-file. Plaintiff claims he must withdraw from this action "due to his inability to gather and produce the records, transcripts, and other legal materials necessary" to prosecute this action. (ECF No. 39 at 1.) Defendant opposes plaintiff's motion; plaintiff did not file a reply. As discussed below, plaintiff's motion should be denied.

Background

      This action was filed on March 19, 2020. The court issued its discovery and scheduling order on August 12, 2020. On November 19, 2020, defendant moved to modify the scheduling order because the COVID-19 pandemic caused delays in discovery. On December 16, 2020, the motion was granted, and discovery was extended to March 11, 2021. On the eve of the May 27, 2021 pretrial motions deadline, plaintiff filed an untimely motion to compel discovery, which was denied on June 10, 2021.

1

Defendant filed a motion for summary judgment on May 26, 2021; plaintiff filed an opposition, and defendant filed a reply. On October 19, 2021, it was recommended that defendant's motion for summary judgment be granted. On November 10, 2021, plaintiff was granted an additional sixty days in which to file objections to the findings and recommendations. Plaintiff did not file objections by January 10, 2022, or seek additional time to do so. Rather, over two and a half months later, on March 25, 2022, plaintiff filed his motion to dismiss this action.

Governing Standards

Because plaintiff moves for dismissal following the filing of an answer and a motion for summary judgment, plaintiff must obtain a court order to voluntarily dismiss this action, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Granting or denying a Rule 41(a)(2) dismissal is within the district court's sound discretion. Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).

"[T]here is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal." Endstrom v. NDEX West, LLC, No. CIV S-10-0105 KJM CKD, 2012 WL 4092420 at *2 n.3 (Sept. 17, 2012) (citation omitted). Courts also consider whether plaintiff was "dilatory in prosecuting the case and seeking a dismissal," Westlands Water Dist., 100 F.3d at 97, and that defendant filed a motion for summary judgment, Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988). "A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. Nov. 3, 2008) (citing Terrovona, 852 F.2d at 429).

Discussion

The undersigned is persuaded that plaintiff's motion to dismiss should not be granted at this late stage of the proceedings.

First, not only has defendant moved for summary judgment and filed a reply, but the undersigned issued findings and recommendations on October 19, 2021, and despite being granted an extension of time, plaintiff failed to file timely objections. Presently, the findings and recommendations are pending review by the district court. Thus, the timing of plaintiff's motion to dismiss suggests he is attempting to avoid an adverse ruling. This case is similar to Terrovona, in which the Ninth Circuit found that the district court did not abuse its discretion in denying petitioner's request for dismissal without prejudice because the magistrate judge had already issued the report and recommendations on defendant's motion for summary judgment. Id., 852 F.2d at 429.

Second, the record reflects plaintiff's delay and lack of diligence in prosecuting this action. This action has been pending for over two years. Plaintiff failed to propound timely discovery, even though he had five months to do so following the extension of the discovery deadline. Despite being informed by defense counsel that plaintiff's interrogatories were untimely and had not been signed by plaintiff, plaintiff took no action for over two months, and then chose to file his untenable motion to compel discovery on the eve of the pretrial motions deadline. Then, once the undersigned recommended that defendant's motion for summary judgment be granted, and plaintiff was granted an additional sixty days to file objections, plaintiff again did nothing. He did not file timely objections. Rather, he waited another two and a half months after the objection period expired, and then chose to file the pending motion to voluntarily dismiss this action without prejudice. Plaintiff's delay in prosecuting this action and in seeking a dismissal preclude granting plaintiff's motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to voluntarily dismiss this action (ECF No. 39) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/choy0608.mtd.41